# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5078 | **DATE** | 10/2/2002 |
| **CASE TITLE** | Hinkle Engineering, Inc. vs. 175 Jackson L.L.C. et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The Court grants in part and denies in part Hinkle's motion (Doc 67-1) to strike, grants in part and denies in part Hinkle's motion (Doc 59-1) for summary judgment, grants in part and denies in part Jackson's and Intell's cross-motion (Doc 74-1) for summary judgment, and denies Hinkle's motion (Doc 60-1) motion for sanctions. Parties are given to November 14, 2002 to file a joint Final Pretrial Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| ☐ No notices required, advised in open court. | | number of notices | Document Number |
| ☐ No notices required. | | | |
| ☐ Notices mailed by judge's staff. | | OCT 03 2002 | |
| ☐ Notified counsel by telephone. | | date docketed | |
| ✓ Docketing to mail notices. | | | |
| ☐ Mail AO 450 form. | | docketing deputy initials | |
| ☐ Copy to judge/magistrate judge. | | | |
| SCT courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 0 3 2002

HINKLE ENGINEERING, INC., )
)
        Plaintiff, )
)
vs. ) 01 C 5078
)
175 JACKSON L.L.C., INTELL MANAGEMENT )
AND INVESTMENT COMPANY, and WALSH )
CONSTRUCTION COMPANY OF ILLINOIS, )
)
        Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on four motions. Plaintiff Hinkle Engineering, Inc. ("Hinkle") moves (1) for summary judgment against Defendants 175 Jackson LLC ("Jackson") and Intell Management and Investment Company ("Intell"), (2) for sanctions against Jackson, Intell, and their joint counsel, and (3) to strike three paragraphs of Jackson's and Intell's Response to the Statement of Material Facts with respect to Hinkle's summary judgment motion. Defendants Jackson and Intell cross-move for summary judgement. Defendant Walsh Construction Company of Illinois ("Walsh") is not a party to these motions.[1] For the reasons set forth below, we grant

---

[1] The facts laid out in this opinion are not necessarily binding on Walsh.



in part and deny in part Hinkle's motion to strike, grant in part and deny in part Hinkle's motion for summary judgment, grant in part and deny in part Jackson's and Intell's cross-motion for summary judgment, and deny Hinkle's motion for sanctions.

## BACKGROUND

Hinkle is an engineering firm with an office in Chicago. During the relevant time period, Hinkle maintained office space in suite 2109 (the "Offices") of the Insurance Exchange Building, 175 West Jackson Blvd., Chicago, Illinois (the "Building"). Jackson and Hinkle had a written lease (the "Lease") that governed Hinkle's tenancy at the Building. The Lease was to terminate on January 31, 2000, but was renewed on a month to month basis by the mutual agreement of Jackson and Hinkle.

During the relevant time period, Intell was Jackson's managing agent for the Building.

On August 7, 1999, Jackson contracted with Walsh to have Walsh perform a $29 million renovation project (the "Project") at the Building, including a renovation of the Building's HVAC system. The Project began in early 2000 and involved construction work on the Building's roof as well as heavy construction materials being placed on the roof. During the Project, Walsh drilled holes in the roof to expose steel,

which was then used to make a connection upon which a platform for the new HVAC system was erected. Because of the holes, the Offices periodically flooded from February through May 2000. The flooding allegedly caused substantial damage to Hinkle's property and severely disrupted its business activities.

On June 29, 2001, Hinkle filed an action against Jackson, Intell, and Walsh. Hinkle's first amended complaint (the "Complaint") alleges two counts. Count I is against only Jackson for breach of contract. Count II is against Jackson, Intell, and Walsh for negligence. Under Count II, Hinkle seeks punitive damages against Jackson and Walsh, but not Intell.

Hinkle moved for summary judgment on Jackson's and Intell's affirmative defenses and counterclaims and for Rule 11 and section 1927 sanctions against Jackson, Intell, and their joint counsel with respect to their assertion of these affirmative defenses and counterclaims. Hinkle also moved to strike three responses of Jackson and Intell in their Local Rule 56.1(b) statement, and to deem admitted Hinkle's corresponding Local Rule 56.1(a) contentions. Jackson and Intell filed a cross-motion for summary judgement on the Complaint and on their counterclaims. We now rule on all four motions.

# LOCAL RULE 56.1

I. LEGAL STANDARD

Local Rule 56.1 places certain burdens on parties making and opposing motions for summary judgment. Local Rule 56.1(a) (3) requires the moving party to submit "a statement of material facts to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law . . . ." N.D. Ill. L.R. 56.1(a)(3). Local Rule 56.1(b)(3) requires each opposing party to submit "a concise response to the movant's statement . . . ." N.D. Ill. L.R. 56.1(b)(3). Notably, any material facts set forth in the movant's statement "will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. Ill. L.R. 56.1(b)(3)(B). The Court has discretion in deciding whether or not to strictly enforce this local rule. *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) ("Given their importance, we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.").

II. DISCUSSION

Local Rule 56.1 is designed to isolate the material facts that are actually in dispute. Unless the opposing party is forced to admit or deny the specific contentions

that are posed to it, the rule fails to fulfill its function. In paragraphs 18, 21, and 27 of its Local Rule 56.1(a)(3) statement, Hinkle makes specific contentions:

> 18. After the term of the Lease expired on January 31, 2000, Hinkle continued to occupy and rent the Offices with the consent of Jackson and Intell.
>
> . . .
>
> 21. Hinkle never agreed to any modifications or alterations of the Lease's terms for Hinkle's tenancy in the Offices following January 31, 2000.
>
> . . .
>
> 27. Hinkle knew about the renovation project before it started. However, Hinkle did not know that the renovation project would involve either holes being punched in the roof or flooding in the Offices.

Hinkle L.R. 56.1(a)(3) St. at ¶¶ 18, 21, and 27. In the corresponding paragraphs of their Local Rule 56.1(b)(3) statement, Jackson and Intell did deny paragraph 21 by offering a controverting statement but did not deny paragraphs 18 and 27. Consequently, the contentions in paragraphs 18 and 27 are deemed admitted.

## SUMMARY JUDGMENT

### I. LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the non-movant bears the burden of proof at trial. *Id.* The non-movant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id.* The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is with these principles in mind that we address Hinkle's motion for summary judgement and Jackson's and Intell's cross-motion for summary judgment.

## II. DISCUSSION

### A. Hinkle's Motion For Summary Judgement on Jackson's and Intell's Affirmative Defenses

Hinkle moves for summary judgment on Jackson and Intell's affirmative defenses. As an initial matter, Jackson and Intell fail to understand their obligations

for defeating a summary judgment motion. In their brief they offer an entire section entitled "Federal Courts Require Notice Pleading and Nothing More". Jackson's and Intell's Response at 5-6. Such a position would be appropriate to defeat a Rule 12(b)(6) or 12(c) motion, but is clearly off the mark in this Rule 56 motion.

1.   Waiver of Recovery

Jackson's First Affirmative Defense alleges that Hinkle "waived any right of recovery it might have had against defendant under the lease . . .." Jackson's Second Amended Answer ("Jackson's Answer") at ¶ 7. Upon expiration of the original Lease term, Jackson consented to Hinkle's continued tenancy. No new written instrument has been alleged by either party with respect to the continued tenancy. Under such circumstances, the new lease is a month to month tenancy governed by the terms of the original Lease "except insofar as those terms and conditions [of the Lease] were modified by the parties." *See Bismarck Hotel Co. v. Sutherland*, 529 N.E.2d 1091, 1096 (Ill. App. 1988). Jackson admits that Hinkle did not know that the renovation project would involve either holes being punched in the roof or flooding in the Offices. Thus, the Court finds as a matter of law that Hinkle could not have implicitly waived any rights to sue under the Lease with respect to flood damages caused by the holes.

2. Assumption of Risk

Jackson's Second Affirmative Defense and Intell's First Affirmative Defense are nearly identical and claim that Hinkle, "by remaining in the building during the construction period, therefore assumed the risk of any damage it might sustain from the construction taking place on the roof." Jackson's Answer at 8; Intell's Answer at 7.

Under Illinois law, "an assumption of the risk defense can prevail only if the plaintiff subjectively knew of the risk when agreeing to encounter it." *TRW Title Ins. Co. v. Security Union Title Ins. Co.* 887 F. Supp. 1029, 1031 (N.D. Ill. 1995). Jackson and Intell admit that Hinkle did not know that the renovation project would involve either holes being punched in the roof or flooding in the Offices. Thus, the assumption of risk defense is unavailable.

3. Punitive Damages

Jackson's Third Affirmative Defense and Intell's Second Affirmative Defense are identical and state in their entirety: "The plaintiff has failed to state a claim for punitive damages upon which relief may be granted."[2]

This is not an affirmative defense. An affirmative defense is "new matter which assuming the complaint to be true, constitutes a defense to it." BLACK'S LAW

---

[2] Because Hinkle does not seek punitive damages from Intell, Intell's "Second Affirmative Defense" is irrelevant and hereby stricken.

DICTIONARY 55 (5th ed. 1979); *See also* 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1270 (2d ed. 1990) (stating that an affirmative defense stems from the common law "which permitted a defendant who was willing to admit that plaintiff's declaration demonstrated a prima facie case to then go and allege additional new material that would defeat plaintiff's otherwise valid cause of action."). Jackson and Intell have not alleged any new matter. They have merely concluded that Hinkle failed to state a claim for punitive damages. The court has already ruled that Hinkle's claim for punitive damages is legally sufficient. February 6, 2002, Order. For Jackson to assert the opposite of what this Court has already ruled and back it up with zero allegations is a waste of everyone's time.

B.   Hinkle's Motion And Jackson's and Intell's Cross-Motion For Summary Judgement on Jackson's and Intell's Counterclaims

Jackson and Intell assert counterclaims against Hinkle based on three provisions of the Lease, paragraphs 9(a), 9(b), and 9(c). Specifically, Jackson and Intell allege that they have sustained and will continue to sustain damages because Hinkle failed to hold them harmless and insure them from negligence liability.

As an initial matter Intell's claim that Hinkle owed contractual duties to it is without merit as Intell was not a party to the Lease. Additionally, Intell is not a third party beneficiary of the promises contained in paragraphs 9(b) and 9(c).[3]

Jackson's claim that Hinkle has a duty to hold it harmless is without merit. The Court in its October 18, 2001, Order held that "paragraph 9(a) of the Lease between the parties is void as against public policy according to the Illinois Landlord and Tenant Act." October 18, 2001, Order at 9. In the same order, the Court also held that paragraph 9(b), to the extent that it would exculpate Jackson from negligence liability is "void against public policy according to the Illinois Landlord and Tenant Act." October 18, 2001, Order at 10. The October 18, 2001, Order is the law of the case, and "under the law of the case doctrine, we do not reopen issues decided in earlier stages of the same litigation unless we have a strong conviction that the earlier ruling was wrong and the party that benefitted from the earlier ruling would not be unduly harmed." *White v. Godinez*, 301 F.3d 796, 803 (7th Cir. 2002). It is imperative that Jackson and Intell not attempt to revisit issues this Court has already decided unless the narrow exception to the law of the case doctrine applies, which it clearly does not.

---

[3] Whether or not Intell was a third party beneficiary of the promises contained in paragraph 9(c) is moot as that provision is void.

Jackson's claim that Hinkle had a duty to insure itself (e.g. Hinkle) under paragraph 9(b) fails to state a claim upon which relief can be granted. Paragraph 9(b) requires Hinkle to obtain property insurance for itself, not liability insurance for Jackson. The fact that an injury is insured against does not mean that liability is avoided. For example, even if Jackson negligently caused Hinkle damages and those damages were completely covered by Hinkle's insurance, Jackson would still be exposed to negligence liability. Thus, even if Jackson can prove that Hinkle breached paragraph 9(b), it cannot prove any damages.

Jackson's claim that the insurance, which Hinkle was obligated to purchase pursuant to paragraph 9(c), was Hinkle's "sole form of relief" is without merit. The Court has already ruled that paragraph 9(c) "does not provide the sole remedy for the parties as to claims against each other." October 18, 2001, Order at 11. Again, Jackson should refrain from arguing directly contrary to the law of the case as established under this Court's earlier rulings unless the narrow exception to the law of the case doctrine applies.

Jackson's claim that Hinkle had a duty to insure Jackson and itself under paragraph 9(c) does contain a promise, which if breached, could cause Jackson damage. Paragraph 9(c) requires Hinkle to obtain liability insurance of $250,000 for property damage <u>naming</u> Jackson and Hinkle as insureds. The policy only names

Hinkle as an insured. Hinkle argues that Jackson nonetheless is covered by the policy. That argument relates to causation and damages but not to the breach.[4]

C. Jackson's and Intell's Motion For Summary Judgement on the Complaint

1. Negligence

Jackson and Intell argue that summary judgment on the Complaint should be granted because Walsh was an independent contractor. A recent Illinois case explains the significance of independent contractor status:

> The primary issue in this case was whether Sarah Augsburger was defendant's agent or merely an independent contractor. If an agency relationship existed, then defendant can be held liable for Sarah Augsburger's negligence under the doctrine of *respondeat superior;* defendant is not liable if Sarah Augsburger was an independent contractor. *Lang v. Silva,* 306 Ill. App. 3d 960, 972, 240 Ill. Dec. 21, 715 N.E.2d 708, 716 (1999).

*Commerce Bank v. Youth Services of Mid-Illinois, Inc.,* 2002 WL 1997876, *2 (Ill. App. 2002). Thus, if Jackson and Intell can establish that Walsh was an independent contractor, they cannot be found indirectly liable for any negligence Walsh may have committed.

---

[4] If the issue of whether or not Jackson is covered by the policy does arise, the Court requests Hinkle to implement a better system for referencing specific pages of the policy.

If Walsh undertook to produce a certain result but was not controlled as to the method in which it was to obtain that result, then it was an independent contractor. *See Lang v. Silva*, 715 N.E.2d 708, 716 (Ill. App. 1999). On the other hand, if Jackson and/or Intell had the right to control the manner and method in which Walsh performed its work, then Walsh was an agent of Jackson and/or Intell. *See id.* Whether or not Walsh is an agent versus an independent contractor is a question of fact. *Stewart v. Jones*, 742 N.E.2d 896, 903 (Ill. App. 2001). Nevertheless, "the question may be decided as a matter of law when the relationship is so clear as to be indisputable." *Id.* Because Jackson and Intell have offered extensive evidence of an independent contractor relationship, which has not been refuted by Hinkle, the Court rules as a matter of law that Walsh was an independent contractor.

The fact that Walsh was an independent contractor does not end the inquiry into Hinkle's negligence claims against Jackson and Intell. Hinkle has alleged that, in addition to being indirectly liable on account of Walsh's negligence, Jackson and Intell are directly liable on account of their own negligence. Nothing in Jackson's and Intell's motion addresses their own alleged negligence and to this extent their motion is denied.

2. Breach of Contract

Jackson and Intell argue that summary judgment on the Complaint should be granted because Hinkle was never actually or constructively evicted. Turning to the contractual claim, Hinkle alleges that Jackson breached the covenant of quiet enjoyment embodied in paragraph 20 of the Lease.[5] In order to establish a breach of the covenant of quiet enjoyment, Hinkle must show that it was actually or constructively evicted. *See Shaker and Assocs., Inc. v. Medical Techs. Group, Ltd.*, 733 N.E.2d 865, 872 (Ill. App. 2000) ("The claim of breach of the covenant of quiet enjoyment requires actual or constructive eviction."). "There can be no constructive eviction without the vacating of the premises." *Id.* Hinkle did not vacate the Offices until sometime in May of 2000. Hinkle's Lease with Jackson admittedly ended on May 31, 2000. It is unclear whether or not Hinkle vacated the Offices prior to termination of the Lease. If this was the case, it was Hinkle's burden to allege it and to put forth facts in support of it. Because Hinkle has not alleged that it was constructively evicted or put forth any facts in support of such an allegation, the Court finds as a matter of law that it cannot prove its cause of action based on the Lease.

---

[5] Hinkle states that Jackson mischaracterizes its breach of contract claim as being solely for breach of the covenant of quiet enjoyment. On the contrary, the Court find's Jackson's characterization accurate.

## SANCTIONS

Hinkle moves for sanctions against Jackson, Intell, and their joint counsel under Rule 11 of the Federal Rules of Civil Procedure and pursuant to 28 USC § 1927. Hinkle alleges four instances of sanctionable behavior on the part of Jackson and Intell:

1. Asserting the affirmative defense of assumption of risk;

2. Asserting that the Lease was altered;

3. Asserting that Hinkle has failed to state a claim for punitive damages upon which relief can be granted; and

4. Asserting Lease provisions that this Court had already ruled void and asserting Lease provisions under interpretations this Court has already rejected.

Jackson's and Intell's purported defenses that Hinkle assumed the risk of injury and implicitly modified the terms of Lease were clearly uphill battles from the start. Significantly, however, they were not so without merit as to rise to the level of sanctions.

Jackson's and Intell's affirmatives defenses regarding punitive damages and some of their counterclaims based on paragraphs 9(a), 9(b), and 9(c) of the Lease were in direct contradiction to the clearly established law of the case. However, this Court will not impose sanctions on behavior that can be interpreted as preserving appellate

rights. We assume that pleading the counterclaims in response to Hinkle's (amended) Complaint was done for that reason.

## CONCLUSION

Based on the foregoing analysis, this Court grants in part and denies in part Hinkle's motion to strike, grants in part and denies in part Hinkle's motion for summary judgment, grants in part and denies in part Jackson's and Intell's cross-motion for summary judgment, and denies Hinkle's motion for sanctions. Paragraphs 18 and 27 of Hinkle's Rule 56.1(a)(3) statement are deemed admitted. Judgment is entered for Hinkle on all of Jackson's and Intell's affirmative defenses. Judgment is entered for Hinkle on all of Jackson's and Intell's counterclaims except for Jackson's counterclaim for failure to obtain insurance pursuant to paragraph 9(c) of the Lease. Judgement is entered for Jackson and Intell on Hinkle's *respondeat superior* negligence claim. Judgment is entered for Jackson on Hinkle's breach of the covenant of quiet enjoyment claim.

                           _Charles P. Kocoras_
                           Charles P. Kocoras
                           Chief Judge
                           United States District Court

Dated:   October 2, 2002